UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JERRY MCCRARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10CV109 SNLJ |
| | ) | |
| JEFF NORMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to file an amended complaint. The Court has reviewed the proposed amended complaint and finds that it would be futile to allow the amendment. Therefore, the motion will be denied.

Plaintiff's "right to amend as a matter of course ended with the entry of the judgment of dismissal." Fearon v.Henderson, 756 F.2d 267, 267 (2nd Cir. 1985), *overruled on other grounds by* Campos v. LeFevre, 825 F.2d 671 (2nd Cir. 1985); see United Steelworkers of America, AFL-CIO v. Mesker Bros. Industries, Inc., 457 F.2d 91, 93 (8th Cir. 1972).

In his amended complaint, plaintiff alleges that defendants withheld his typewriter from him. There is no cause of action under 42 U.S.C. § 1983 for unconstitutional taking of personal property where the state provides an adequate postdeprivation remedy. E.g., Clark v. Kansas City Missouri School Dist., 375 F.3d

698, 703 (8th Cir. 2004). Missouri provides the postdeprivation remedy of replevin for recovery of personal property. Id.; Mo. R. Civ. P. 99.01-99.15. As a result, the allegations in the amended complaint fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to file an amended complaint [Doc. #9] is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this Order would not be taken in good faith.

Dated this 22nd day of September, 2010.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE